```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GLYCOBIOSCIENCES, INC.,

                        Plaintiff,         MEMORANDUM & ORDER
                                           11-CV-1280(JS)(GRB)
        -against-

NYCOMED US, INC. n/k/a FOUGERA
PHARMACEUTICALS, INC., PHARMADERM,
and JAGOTEC AG,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Joseph J. Zito, Esq.
                   1250 Connecticut Avenue, NW, Suite 200
                   Washington, DC 20036

For Fougera:       Alexa Hansen, Esq.
                   Covington & Burling LLP
                   1 Front Street
                   San Francisco, CA 94111

                   Jeffrey B. Elikan, Esq.
                   Michael N. Kennedy, Esq.
                   Covington & Burling LLP
                   1201 Pennsylvania Ave, NW
                   Washington, DC 20004

                   Joanne Sum-Ping, Esq.
                   Covington & Burling LLP
                   The New York Times Building
                   620 Eighth Avenue
                   New York, NY 10018
```

SEYBERT, District Judge:

Plaintiff GlycoBioSciences, Inc. ("Plaintiff" or "Glyco") commenced this action on March 17, 2011, asserting two causes of action for patent infringement under 35 U.S.C. § 271. Presently pending before the Court is Defendant Nycomed US, Inc.

n/k/a Fougera Pharmaceuticals, Inc.'s ("Defendant" or "Fougera")[1] motion to dismiss, transfer, or stay the proceeding. For the following reasons, Defendant's motion to dismiss is GRANTED.

BACKGROUND

Plaintiff is a research pharmaceutical company located in Ontario, Canada that owns Unites States Letters Patents 5,897,880 (the "'880 Patent") and 6,723,345 (the "'345 Patent"). (Compl. ¶ 3.) Defendant is a pharmaceutical company with its principal place of business in New York. (Compl. ¶ 4.) Through its New Jersey-based unincorporated division PharmaDerm, Defendant sells an FDA-approved pharmaceutical product called SOLARAZE® Gel throughout the United States. (Compl. ¶ 4; Bryant Aff. ¶¶ 3, 5.) There are six patents that cover SOLARAZE® that are owned by Jagotec AG and exclusively licensed to Defendant (the "SOLARAZE® Patents"). (Bryant Aff. ¶¶ 7-8.)[2] Jagotec is a company existing under Swiss law with its principal place of business in Switzerland. (Compl. ¶ 6.)

---

[1] Plaintiff initially named Pharmaderm and Jacotec AG as additional Defendants. On May 16, 2011, Plaintiff voluntarily dismissed all claims against Jacotec (Docket Entries 21, 24), and in its opposition to Fougera's motion to dismiss stated that Fougera is "the sole defendant," (Pl. Opp. 2).

[2] Defendant and Jagotec are currently prosecuting claims for infringement of the SOLARAZE® Patents in a proceeding pending in the United States District Court for the District of New Jersey. See Nycomed US Inc. v. Tolmar, Inc., No. 10-CV-2635 (D.N.J.). (Bryant Aff. ¶ 9.)

The parties' relationship began in June 2010 when Kevin Drizen, President of Glyco, contacted Ann Bryant, the Vice President of Business Development for Defendant, at her office in New Jersey to discuss the validity and proper inventorship of the SOLARAZE® Patents. (Bryant Aff. ¶¶ 10-11, Drizen Aff. ¶ 7.) These communications were less than amicable. On November 5, 2010, Mr. Drizen filed a petition for reexamination of one of the SOLARAZE® Patents and informed Ms. Bryant that he intended to file petitions for the reexamination of the other five SOLARAZE® Patents.[3] (Bryant Aff. ¶ 12; Drizen Aff. ¶ 8.) During the following months, Mr. Drizen continued to contact Ms. Bryant to discuss, among other things, "possible resolutions to the Solaraze patents, inventorship, etc." (Bryant Aff. ¶ 15; Drizen Aff. ¶ 8.)

On March 7, 2011, Mr. Drizen forwarded Ms. Bryant an email from Glyco's counsel stating that Defendant's SOLARAZE® Gel infringed on Glyco's '880 Patent. (Bryant Aff. ¶ 18; Drizen Aff. ¶ 10.) The following day, Mr. Drizen forwarded Ms. Bryant another email stating that Glyco "will file infringement and inventor claim [sic] on Monday," March 14, 2011, because "[y]our attorneys expressed no interest in speaking any further in a

---

[3] It is unclear from the filings whether these additional petitions were ever filed.

serious fashion to our attorney" and Glyco has "wasted enough time attempting to reason with you." (Bryant Aff. Ex. 9.)[4]

On March 11, 2011, Defendant commenced a declaratory judgment action in the United States District Court for the District of New Jersey (the "New Jersey Action") seeking a declaration of non-infringement of the '880 Patent. (Sum-Ping Decl. Ex. 1.) Then, on March 17, 2011, Glyco commenced the present action (the "New York Action") against Defendant asserting claims for infringement of the '880 and '345 Patents. (Docket Entry 1.) On March 31, 2011, Defendant filed an amended complaint in the New Jersey Action ("New Jersey Amended Complaint") that added a claim for a declaration of non-infringement of '345 Patent. (Sum-Ping Decl. Ex. 2.)

Presently pending before the Court is Defendant's motion to dismiss, transfer, or stay the New York Action in favor of the first-filed New Jersey Action. (Docket Entry 14.)[5]

---

[4] Mr. Drizen asserts in his affidavit that he still "had an expectation of further communications between counsel on Monday[,] March 14th." (Drizen Aff. ¶ 11.)

[5] The Court notes that while this motion has been pending, the parties have continued to litigate the New Jersey Action. On July 7, 2011, Glyco filed an Answer and Counterclaim for Patent Infringement in the New Jersey Action asserting claims for infringement of the '880 and '345 Patents and two additional patents. (D.N.J. No. 11-CV-1539, Docket Entry 14.) On August 15, 2011, Fougera moved to dismiss Glyco's Counterclaims. (No. 11-CV-1539, Docket Entry 26 (D.N.J. No. 11-CV-1539, Docket Entry 26.) That motion is now fully briefed. Then, on January 9, 2012, the court in the New Jersey Action granted Fougera's

4

DISCUSSION

Where there are two competing federal lawsuits, "[t]he general rule, and the rule in the Second Circuit, is that 'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (quoting William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (1969)); In re Vertical Sys., Inc., 435 F. App'x 950, 951 (Fed. Cir. 2011) ("The general rule favors the first-filed action." (citing Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993), overruled in part on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995))).[6] This principle, known as the "first-filed rule," "permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when

---

motion for a stay pending the completion of ongoing PTO reexaminations of each of the Glyco patents at issue. (D.N.J. No. 11-CV-1539, Docket Entry 63.)

[6] The Court applies the law of the Federal Circuit to the question of whether to dismiss or transfer under this rule. See Genentech, 998 F.2d at 937 (holding that Federal Circuit law applies to "[t]he question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement" because it "raises the issue of national uniformity in patent cases" and "invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits"); Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1330 (Fed. Cir. 2004); see also FindWhat.com v. Overture Servs., Inc., No. 02-CV-0447, 2003 WL 402649, at *4 (S.D.N.Y. Feb. 21, 2003).

5

both suits are pending in federal courts." See Kytel Int'l Grp., Inc. v. Rent-A-Center, Inc., 43 F. App'x 420, 422 (2d Cir. 2002) (citing First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 77, 79 (2d Cir. 1989)); see also Spotless Enters. Inc. v. The Accessory Corp., 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006).

The Court will first discuss whether the first-filed rule applies here. Then it will address whether special circumstances exist to justify departing from the first-filed rule in this case.

I. Applicability of First-Filed Rule

"In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative." Alden Corp. v. Eazypower Corp., 294 F. Supp. 2d 233, 235 (D. Conn. 2003) (citing Curtis v. Citibank, N.A., 226 F.3d 133, 133 (2d Cir. 2000)). Suits are duplicative if they "have identical or substantially similar parties and claims." Spotless, 415 F. Supp. 2d at 205-06 (citations omitted). Plaintiff argues that the actions are not duplicative because "[a]lthough the action in New Jersey was filed on March 11, that action only sought a declaratory judgement [sic] regarding one of the two patents in suit in this action." (Pl. Opp. 1.) The Court disagrees.

6

"[T]he 'first-filed' rule 'is not to be applied in a mechanical way regardless of other considerations,'" Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp., 616 F. Supp. 114, 118 (S.D.N.Y. 1984) (quoting Hammett v. Warner Bros. Pictures, Inc., 176 F.2d 145, 150 (2d Cir. 1949)); it does not require identical complaints but rather "substantial overlap" of the parties and claims in both actions, see Spotless, 415 F. Supp. 2d at 206; see also Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950-51 (5th Cir. 1997). Here, both the New Jersey Action and the New York Action involve identical parties, the '880 Patent, and the same allegedly infringing conduct. The Court finds that these cases are sufficiently similar to warrant the application of the first-filed rule.[7]

Plaintiff also argues that the New Jersey Action should not be considered the first-filed action for the following reasons: (1) Since the Amended Complaint in the New Jersey Action (adding the claim regarding the '345 Patent) was

---

[7] The Court finds the Federal Circuit's decision in Micron Technology, Inc. v. Mosaid Technologies, Inc., 518 F.3d 897 (Fed. Cir. 2008) to be instructive. In Micron, the Federal Circuit reversed a decision of the district court dismissing a declaratory judgment action. The district court dismissed the first-filed declaratory judgment action in favor of a second-filed infringement action because it was "broader." Id. at 903. The Federal Circuit reversed, stating that the district court's rationale for dismissing the first-filed action "carries little weight because a patent holder may often easily file an artificially broader infringement suit to avoid declaratory judgment jurisdiction." Id.

7

filed fourteen days after the New York Action was commenced, the New York Action was technically the first to assert claims arising out of the '345 Patent; and (2) the New York Action was served first. The Court does not find either argument to be persuasive.

First, "[t]his circuit applies the first-filed rule in favor of a plaintiff who amends his complaint to include issues that his adversary has raised in a second-filed suit in another district." GMT Corp. v. Quicksilver, No. 02-CV-2229, 2002 WL 1788016, at *2 (S.D.N.Y. Aug. 1, 2002) (citation omitted). Because the claims surrounding the '345 and '880 Patents arise out of the same allegedly infringing conduct, the causes of action in the New Jersey Amended Complaint related to the '345 Patent are deemed to "relate back" to the date of the original complaint. See FED. R. CIV. P. 15(c); see also GMT Corp., 2002 WL 1788016, at *2; Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 132 (S.D.N.Y. 2003). Thus, since the New Jersey Action had a filing date of March 11, 2011, all claims in the New Jersey Amended Complaint are "first filed" in comparison to the New York Action.

Second, which complaint was served first is "a point of slight relevancy." Brierwood Shoe Corp. v. Sears, Roebuck & Co., 479 F. Supp. 563, 568 (S.D.N.Y. 1979). Although the Federal Circuit has never addressed the issue and courts in the

Second Circuit have reached divergent results, see Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C., 178 F. Supp. 2d 459, 462-63 (S.D.N.Y. 2002); Nat'l Patent, 616 F. Supp. at 118 n.7, "[t]here is an almost uniform recognition . . . of the general principle that mechanical application of a rule should not be determinative of the result in cases in which competing actions have been filed in close temporal proximity and service was not completed in the first case before the second was filed," see Everest Capital, 178 F. Supp. 2d at 463 (collecting cases). Thus, the Court finds that the fact that the New York Complaint was served before the New Jersey Complaint is not dispositive and does not bar the application of the first-filed rule in this case.

## II. Existence of Special Circumstances

"To overcome the preference for the forum of the first-filed suit, a sound reason must exist that would make it unjust or inefficient to continue the first-filed action." FindWhat.com, 2003 WL 4026649, at *4 (internal quotation marks and citation omitted); see also Kahn, 889 F.2d at 1081 ("Restraint of the first-filed suit is made only to prevent wrong or injustice . . . ."); First City Nat'l Bank, 878 F.2d at 79 ("[W]here there are two competing lawsuits, the first should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." (internal

9

quotation marks, ellipses, and citation omitted)). "[P]laintiff bears the burden of demonstrating any special circumstances justifying an exception to the rule." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994).

Plaintiff urges the Court to depart from the first-filed rule because (1) the New Jersey action "represents improper forum shopping," and (2) "Defendant has not met its burden of proof in demonstrating that transfer is warranted under 28 U.S.C. § 1404(a) by failing to clearly show the balance of convenience heavily favors transfer." (Pl. Opp. 1-2.) The Court will address each in turn.

A. Improper Anticipatory Litigation

An exception to the first-filed rule exists where "forum shopping alone motivated the choice of the situs for the first suit." William Gluckin & Co., 407 F.2d at 178; accord Kahn, 889 F.2d at 1081; 800-Flowers, 860 F. Supp. at 132. Defendant asserts that it had "good reason[s]" to file suit in the District of New Jersey that had nothing to do with forum shopping. (Def. Mem. 8.) The Court agrees. First, Fougera is a party in another patent infringement case involving SOLARAZE® that was already pending in the District of New Jersey when it commenced the New Jersey Action; and, second, although Fougera's principal place of business is in New York, SOLARAZE® is marketed

and sold through a division located in New Jersey.  Thus, the Court finds that Plaintiff has failed to demonstrate that Defendant's motivation for filing suit in New Jersey was <u>solely</u> based on notions of forum shopping.  See FindWhat.com, 2003 WL 402649, at *4 (finding that having corporate headquarters in the district is a "perfectly good reason, not necessarily related to forum shopping," to bring an action there); Novo Nordisk of N. Am., Inc. v. Genentech, Inc., 874 F. Supp. 630, 633 (S.D.N.Y. 1995) (similar).

Even if the New Jersey Action does constitute an improper anticipatory filing, this is "merely one factor in the analysis."  Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005).[8]

B.  Balance of Convenience and Interest of Justice

To determine whether the first-filed rule should be set aside in the interest of justice, the Court employs the same nine-factor analysis to decide a motion to change venue under 28 U.S.C. § 1404(a).  See 800-Flowers, 860 F. Supp. at 133; FindWhat.com, 2003 WL 402649, at *5.  Those factors are:

---

[8] The Court notes that the application of the "forum shopping" exception has been questioned by at least one court in the Second Circuit because "the concern underlying the exception has been largely, if not entirely, addressed by the establishment of the United States Court of Appeals for the Federal Circuit." BBC Int'l Ltd. v. Lumino Designs, Inc., 441 F. Supp. 2d 438, 445 (E.D.N.Y. 2006) (noting that plaintiff was unable to cite a single case decided after 1982 where a court departed from the first-filed rule because of forum shopping).

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and the relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by a forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances.

Intema Ltd. v. NTD Labs., Inc., 654 F. Supp. 2d 133, 138 (E.D.N.Y. 2009); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006). "[T]he balancing of conveniences is an equitable task and an 'ample degree if discretion is afforded the district courts in determining a suitable forum.'" 800-Flowers, 860 F. Supp. at 133 (quoting First City Nat'l Bank, 878 F.2d at 80); see also William Gluckin & Co., 407 F.2d at 178 (stating that "the balancing of convenience should be left to the sound discretion of the district courts").

The Court finds that the balancing of conveniences in the present case does not overcome "the presumptive right of the first litigant to choose the forum."[9] Kahn, 889 F.2d at 1082.

---

[9] Plaintiff argues that dismissal is inappropriate because Defendant failed to prove that New York is an inconvenient forum: "Nothing in the Bryant declaration refers to any inconvenience or hardship to Defendant [Fougera] in proceeding

The relative convenience of the parties is neutral: Plaintiff is an Ontario-based company with no connections to either New York or New Jersey, and Defendant has its principal place of business in New York but also has offices in New Jersey. Additionally, while some of the technical documents are located in Defendant's New York office, the majority are in the possession of Jagotec in Switzerland, and all marketing and sales documents are located in New Jersey.

However, the Court finds that the interests of justice ultimately favor New Jersey. Since filing this motion, the parties have been actively litigating in New Jersey: Plaintiff retained counsel in New Jersey and filed counterclaims identical to his claims in the present action, a motion to dismiss those counterclaims is fully briefed, the court held a Rule 16 conference, and a motion for a stay pending the completion of ongoing PTO reexaminations was granted. Litigating identical issues arising in the present case would be a waste of both the parties' and the Court's time and resources and would create the risk of inconsistent judgments. Both are to be avoided. See Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968); see also 800-Flowers, 860 F. Supp. at 136 ("The interests of

---

in New York." (Pl. Opp. 6.) However, this is not the test. The burden is on Plaintiff to demonstrate that the balance of convenience favors the New York Action. See Novo, 874 F. Supp. at 633.

judicial economy dictate that the two identical actions not both proceed.").

Therefore, finding no special circumstances justifying a divergence from the first-filed rule, Defendant's motion to dismiss is GRANTED. The parties shall continue to litigate their claims in the first-filed New Jersey Action.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED, and Plaintiff's Complaint is hereby DISMISSED pursuant to the first-filed rule. The Clerk of Court is directed to enter judgment consistent with this Memorandum and Order and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __15__, 2012
       Central Islip, NY